UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM B. RECARDE and DOROTHY A. RECARDE,<br><br>Plaintiffs,<br><br>-against-<br><br>SANTANDER BANK, N.A. f/k/a SOVEREIGN BANK, N.A.,<br><br>Defendant. | Case No.: 5:16-cv-00806-LS |

# DEFENDANT SANTANDER BANK, N.A.'S
# MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

On the Brief:

Ken S. Massey, Esq. (Parker Ibrahim & Berg LLC)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................................. 1

LEGAL ARGUMENT .......................................................................................................... 3

       A. Standard of Review ................................................................................................ 3

       B. The Complaint Must Be Dismissed Under the *Rooker-Feldman* Doctrine .... 4

       C. The Complaint Must Be Dismissed Under the *Res Judicata* and Collateral Estoppel Doctrines ................................................................................................ 6

       D. The Complaint Must Be Dismissed For Failure To State a Timely TILA Claim ...................................................................................................................... 8

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry,*
449 U.S. 90, 95-96 (1980) ................................................................................................ 7

*Ashcroft v. Iqbal,,*
129 S. Ct. 1937, 1949 (2009) ........................................................................................... 3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 570 (2007) ................................................................................................. 3

*Chester County Intermediate Unit v. Penna Blue Shield,*
896 F.2d 808,812 (3d Cir. 1990) ..................................................................................... 4

*Exxon Mobil Corp. v. Saudi Basic Indus Corp.,*
544 U.S. 280, 284 (2005) ................................................................................................. 4

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP,*
615 F.3d 159, 166 (3d Cir, 2010) ..................................................................................... 5

*Lubrizol Corp. v. Exxon Corp.,*
929 F.2d 960, 963 (3d Cir. 1991) ..................................................................................... 6

*Madera v. Ameriquest Mortgage Co.,*
586 F.3d 228, 232 (3d Cir. 2009) ..................................................................................... 7

*Mayer v. Belichick,*
605 F.3d 223, 230 (3d Cir.1990) ...................................................................................... 4

*Metro. Edison Co. v. Pa. PUC,*
767 F.3d 335,. 350 (3d Cir. 2014) .................................................................................... 7

*Nat'l Union Fire Inc. Co v. City Savings, F.S.B.*
28 F.3d 376, 383 (3d Cir. 1994) ....................................................................................... 3

*Office of Disciplinary Counsel v. Kiesewetter,*
889 A.2d 47, 50-51 (Pa. 2005) ......................................................................................... 7

*Parklane Hosiery Co. v. Shore,*
439 U.S. 322, 327 (1979) ................................................................................................. 6

*Pension Benefit Guar. Corp. v. Unit of Penna. Blue Shield,*
896 F.,2d 808, 812 (3d Cir. 1990) .................................................................................... 4

*Post v. Hartford Ins. Co.*,
501 F.3d 154, 169 (3d Cir. 2007)......................................................................................... 6

*Witkowski v. Welch*,
173 F.3d 192, 198 (3d Cir. 1999)......................................................................................... 6

*In re Washington*
469 B.R. 587, 594-595 (Bankr. W.D. Pa. 2012).................................................................. 8

**Rules**

Fed. R. Civ. P. 12(b)(1).......................................................................................................... 3

Fed. R. Civ. P. 12(b)(6).......................................................................................................... 3

15 U.S.C.§ 1635 (f)................................................................................................................ 8

15 U.S.C. § 1640(e)................................................................................................................ 8

Defendant Santander Bank, N.A., f/k/a Sovereign Bank, N.A. ("Santander" or "Defendant"), respectfully submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiffs William B. Recarde and Dorothy A. Recarde ("Plaintiffs") with prejudice pursuant to Federal Rules 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

In this action, Plaintiffs impermissibly seek an end-run around both a state court foreclosure action and quiet title action in claiming – as they did in both state court actions – that they rescinded their mortgage under the Truth in Lending Act ("TILA"). The gravamen of the Complaint is that Plaintiffs' purported "rescissions" of the mortgage in 2012 and 2015 have absolved Plaintiffs from any obligations under the debt and entitle them to a "free house." *See* Compl., ¶ 31. This action represents Plaintiffs' third bite at their purported TILA rescission claim, which has already been rejected twice before in state court.

The Complaint fails as a matter of law for at least three reasons. First, the prior state court adjudications deprive this Court of subject matter jurisdiction under the *Rooker-Feldman* doctrine because this Court cannot serve as the appellate court of the state court proceedings. Second, even if this Court did have jurisdiction, the Complaint fails to state a claim because the state court determinations prohibit the relitigation of the TILA claims. Finally, the Complaint fails to state a claim because the TILA claim is plainly time-barred. Therefore, the Complaint should be dismissed in its entirety and with prejudice.

## STATEMENT OF RELEVANT FACTS

Plaintiffs executed a promissory note ("Note") and mortgage ("Mortgage") on February 10, 2006 in favor of Sovereign Bank in the amount of $295,000.00. The Mortgage provided Sovereign Bank a lien against Plaintiffs' property at 277 West Shady Road, Kirkwood,

{00572478.DOCX }

Pennsylvania, which is in Lancaster County ("Property"). *See* Compl., ¶¶ 1-2. Copies of the Note and Mortgage are attached to Plaintiffs' Complaint as Exhibits A and B.

Although Plaintiffs had not paid off their mortgage loan, they sought to mark their debt as satisfied by filing a Satisfaction of Mortgage with the Lancaster County Recorder of Deeds on February 29, 2012. On February 5, 2013, Sovereign Bank, N.A., the predecessor of Santander,[1] filed a Complaint to Quiet Title and to Strike the Satisfaction in the Lancaster County Court of Common Pleas (No. 13-01144, "Quiet Title Action"). *See id.*, ¶ 18. Plaintiffs filed an Answer with defenses and counterclaims on March 5, 2013, raising, *inter alia*, that they submitted an "Affidavit of Revocation" that sought to rescind the Mortgage as of April 9, 2012. *See* Quiet Title Counterclaims, ¶¶ 41-42, attached hereto as Exhibit 1. On November 1, 2013, the Court granted the relief sought by Santander and ordered the Lancaster County Recorder of Deeds to strike the Satisfaction ("Quiet Title Order"), thereby denying Plaintiffs' rescission claim. A copy of the Quiet Title Order is attached as Exhibit 2. Plaintiffs did not seek reconsideration or file an appeal of the Quiet Title Order.

On April 22, 2014, Santander filed a foreclosure action in the same court due to Plaintiffs' failure to make payments due under the Mortgage (No. 14-03462, "Foreclosure Action"). *See* Compl., ¶ 18. Plaintiffs' primary defense to the Foreclosure Action – which they impermissibly seek to relitigate through the instant action – is that they twice rescinded the Mortgage under the TILA. Plaintiffs attempted the first such rescission in the aforementioned April 9, 2012 "revocation," which occurred over six years after executing the Mortgage. *See* Compl., ¶¶ 13, 26, 28, 37, 45 (the revocation is attached as Exhibit 3). Two years later, Plaintiffs again submitted a purported rescission, which was filed in the Foreclosure Action on May 15,

---

[1] Sovereign Bank, N.A. became known as Santander Bank, N.A. effective October 23, 2013. A true and correct copy of the OCC Certification of National Bank Title Change is attached hereto as Exhibit 6.

{00572478.DOCX } 2

2015. *See id.*, ¶ 26, 37, 45 (Plaintiffs cite April 23, 2015 as the date of the second rescission, which is attached as Exhibit 4).

The Lancaster County Court of Common Pleas properly rejected Plaintiffs' TILA rescission claims in the Foreclosure Action. This Court awarded summary judgment to Santander on January 6, 2016, finding that the 2012 and 2015 rescissions were time-barred under the three-year statute of limitations of the TILA, which expired in February 2009. (See pages 5-6 of the Foreclosure Order, a copy of which is attached as Exhibit 5.) The court entered a final judgment on January 26, 2016, fixing the judgment amount as $330,217.86. As part of their appeal of the Foreclosure Order, Plaintiffs' Concise Statement of Errors Complained of on Appeal is due on March 21, 2016.

**LEGAL ARGUMENT**

**A. Standard of Review**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to have the court dismiss an opposing parties pleading for lack of subject matter. Whether there is subject matter jurisdiction over an action "is a legal question over which we exercise plenary review." *Nat'l Union Fire Inc. Co. v. City Savings, F.S.B.*, 28 F.3d 376, 383 (3d Cir. 1994).

Under Rule 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint that contains only "naked assertion[s]" without "further factual enhancement." *Id.* at 557.

Courts may consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (considering a purchase and sales agreement attached as an exhibit to the motion, but not the complaint, when the plaintiff's claims relied on the agreement); *Chester County Intermediate Unit v. Penna. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990) (courts may examine documents or exhibits that are attached to or described in the complaint).

### B. The Complaint Must Be Dismissed Under The *Rooker-Feldman* Doctrine

By filing the Complaint, Plaintiffs request that this Court overturn the Quiet Title Order and Foreclosure Order of the Lancaster County Court of Common Pleas. This Court, however, is precluded from unwinding the state court judgment under the *Rooker-Feldman* doctrine, and must therefore divest itself of subject matter jurisdiction under Rule 12(b)(1).

The *Rooker-Feldman* doctrine is based on the proposition that federal district courts are courts of original, not appellate, jurisdiction, and lack subject matter jurisdiction to review final judgments entered by a state court. *See Madera v. Ameriquest Mortgage Co. (In re Madera)*, 586 F.3d 228, 232 (3d Cir. 2009). Only the United States Supreme Court possesses such appellate jurisdiction. *See id.* The doctrine therefore prevents "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Foreclosure judgments are precisely the type of state court judgment for which the *Rooker-Feldman* doctrine precludes the exercise of federal court jurisdiction. *See In re Madera*, 586 F.3d at 232 (declining to exercise jurisdiction over a mortgage borrower's TILA rescission claim because that claim

was "inextricably intertwined with the [state court] foreclosure judgment"); *In re Washington*, 469 B.R. 587, 594-595 (Bankr. W.D. Pa. 2012) (court prohibited from exercising subject matter jurisdiction over debtor's objection to lender's proof of claim because such a ruling would invalidate a state court foreclosure judgment).

Dismissal of a federal claim for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine is appropriate when (a) the federal plaintiff lost in state court; (b) the plaintiff complains of injuries caused by the state court judgment; (c) that judgment was rendered prior to the federal suit being filed; and (d) the plaintiff is inviting the federal court to review and reject the state judgment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Here, the Complaint satisfies all of these elements and, therefore, must be dismissed pursuant to the *Rooker-Feldman* doctrine.

First, Plaintiffs lost in both state court actions. *See* Compl, ¶ 18. In the Quiet Title Order, the state court rejected Plaintiffs' TILA rescission claim – the very same claim Plaintiffs make here – and granted Santander's request to quiet title. In the Foreclosure Order, the state court upheld Santander's request to foreclose the Mortgage, which Plaintiffs ask this Court to rescind. Moreover, the state court rejected Plaintiffs' TILA claim, finding it was time-barred.

Second, Plaintiffs complain that they have been damaged by the state court's refusal to recognize their purported TILA rescissions. *See id.*, ¶ 18 (claiming damage to Plaintiffs' credit); ¶ 31 (claiming entitlement to a "free house" due to their TILA rescissions). Indeed, Plaintiffs request that this Court overturn the "lower Courts," *i.e.*, the Lancaster County Court of Common Pleas, which "misinterpreted [TILA] § 1635." *Id.*, ¶ 40. The *Rooker-Feldman* doctrine, however, prohibits the second-guessing of state court orders, which Plaintiffs seek here.

Third, the Lancaster County Court of Common Pleas issued the Quiet Title Order on November 1, 2013 and the Foreclosure Order on January 6, 2016 – both of which precede the present Complaint.

For the foregoing reasons, this Court should deny Plaintiffs' collateral attack on the state court Quiet Title Order and Foreclosure Order for lack of jurisdiction under Rule 12(b)(1).

### C. The Complaint Must Be Dismissed Under the *Res Judicata* and Collateral Estoppel Doctrines

This Court is also precluded from unwinding the state court judgment under the doctrines of *res judicata* and collateral estoppel, and should therefore dismiss the Complaint as a matter of law under Rule 12(b)(6). *Res judicata*, which is also known as claim preclusion, "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979)). *Res judicata* requires the coalescence of three factors: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). *Res judicata* applies to claims that were actually litigated as well as those claims that "could have been brought." *Post*, 501 F.3d at 169.

Similarly, collateral estoppel, otherwise known as issue preclusion, prevents parties from "litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies." *Witkowski v. Welch*, 173 F.3d 192, 198 (3d Cir. 1999). "Federal courts give preclusive effect to issues decided by state courts, to 'not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has

been recognized as a bulwark of the federal system.'" *Metro. Edison Co. v. Pa. PUC*, 767 F.3d 335, 350 (3d Cir. 2014) (quoting *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980)).  Under Pennsylvania law, collateral estoppel will prevent the relitigation of an issue when (1) a prior case decided the identical issue to the one presented in the current action; (2) there was a final adjudication on the merits; (3) the party asserting collateral estoppel was a party or in privity with a party in the prior case; (4) the party against whom the collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior case; and (5) the determination in the prior case was essential to the judgment. *See id*. at 351 (citing *Office of Disciplinary Counsel v. Kiesewetter*, 889 A.2d 47, 50-51 (Pa. 2005)).

As applied here under the *res judicata* analysis, the TILA rescission claim must be dismissed.  Both the Quiet Title Action and the Foreclosure Action involved the same parties or the privy of Santander.  Both state court actions resulted in a judgment on the merits which necessarily involved the same TILA claim Plaintiffs now raises in this action.  Thus, *res judicata* prohibits the relitigation of the TILA cause of action which Plaintiffs have again set forth in the Complaint.

For similar reasons, the TILA rescission claim is barred under collateral estoppel.  The prior Quiet Title Action and Foreclosure Action both decided the identical TILA issue now presented in the Complaint in issuing their respective final orders.  Had either proceeding determined that Plaintiffs held a valid rescission claim, it would have necessarily denied Santander's requested relief to either quiet title or foreclose on the Property.  All actions have involved the same parties or the privy of Santander.  Additionally, Plaintiffs had a full and fair opportunity to litigate the purported rescission claim, raising it as either a New Matter defense or a counterclaim in each action.  Based on the foregoing, Plaintiffs should be collaterally estopped from asserting the same TILA issue in this federal action.  Preventing additional and unnecessary

TILA litigation and allowing Santander to rely on the state court adjudications will serve the precise interests that the collateral estoppel doctrine was designed to protect. *See Metro. Edison Co.*, 767 F.3d at 350.

For the foregoing reasons, Plaintiffs should be estopped from relitigating their TILA rescission claim in this federal action. The Complaint should accordingly be dismissed for failure to state a claim under Federal Rule 12(b)(6).

### D. The Complaint Must Be Dismissed For Failure To State A Timely TILA Claim

*Res judicata* compels dismissal of those claims which were not but could have been brought in a prior action. Even if Plaintiffs had not previously raised the TILA rescission claim and were now permitted to assert the claim for the first time, however, the Complaint should still be dismissed because the TILA claim is time-barred.

As stated in the Foreclosure Order, actions for rescission under TILA based on improper material disclosure must be brought within three years after the consummation of the mortgage. *See* 15 U.S.C. § 1635(f) ("obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first"); Ex. 5, p. 6. Moreover, to the extent that Plaintiffs seek monetary damages, any such request under the TILA must be made within one year from the consummation of the loan. *See* 15 U.S.C. § 1640(e). The parties executed the Mortgage on or around February 10, 2006. Any TILA rescission claim therefore expired in 2009, over nine years ago. Thus, the TILA claims are plainly untimely.

For the foregoing reasons, the Complaint should be dismissed under Federal Rule 12(b)(6) for failure to state a timely legal claim.

## CONCLUSION

The Complaint seeks to raise – for a third time – Plaintiffs' purported claim for a rescission of their Mortgage under TILA. Due to the prior state court rulings, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Similarly, the Complaint fails as a matter of law because the doctrines of *res judicata* and collateral estoppel prevent Plaintiffs from relitigating the same issues and claims in this action. The Complaint also fails to state a claim because any TILA claim is now time-barred. Defendant Santander Bank, N.A. therefore respectfully requests an Order granting its Motion to Dismiss the Complaint and any such further relief as this Court may deem just and proper.

*Respectfully submitted,*

**PARKER IBRAHIM & BERG LLC**

/s/ *Ken S. Massey*
Ken S. Massey, Esq.
*Counsel for Defendant,* Santander Bank, N.A., f/k/a Sovereign Bank, N.A.

Dated: March 8, 2016