## UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | |
|---|---|
| William B. Recarde; Dorothy A. Recarde | ) Civil Action No. **16-cv-806** |
| Plaintiffs, *Sui Juris* | ) |
| Vs | ) **PLAINTIFFS' RESPONSE TO** |
| | ) **DEFENDANT'S MOTION TO** |
| SANTANDER BANK, N.A. f/k/a | ) **DISMISS COMPLAINT** |
| SOVEREIGN BANK, N.A | ) |
| DEFENDANTS | ) **Date: April 6, 2016** |

Commonwealth of Pennsylvania)
                              ) Subscribed and Sworn
Lancaster County              )

    COMES NOW Plaintiffs, William B. and Dorothy A. Recarde, *Sui Juris,* Citizens of

Pennsylvania, sworn according to law, to respond to Defendant's motion to dismiss complaint.

### I.    FACTS

    1.  This complaint was filed to procure a declaratory judgment for the violation event of May

18, 2015, when the Defendant failed to obey 15 U.S.C. § 1635(a) by responding as the law

specified in the TILA Rescission Instrument, executed April 24, 2015, and duly served.

    2.  This violation event exists in fact and law because the Defendants have submitted no wet-

ink evidence of any kind of response to the Plaintiffs Notice of Cancellation during the period of

April 27 and May 18, 2015.  No comment, question, objection or suit in federal court was filed.

    3.  This violation event of federal consumer protection law warrants consideration by the

court over other matters in the background and arguments by the Defendant because § 1635 is a remedy offered consumers for injury, including victims of fraud.

4. Defendants lost their standing and defense against the effects of the rescission instrument by not responding, including any Statute of Limitations defense, therefore, their many arguments presented are moot and should be dismissed by this court.

5. Defendant's motion invoking FRCP 12(b)(1) as a factual attack is based on extrinsic evidence outside these proceedings for violation of a federal law event. It is unreasonable to conclude that the violation event is not founded on other matters, long in the making, and the Plaintiffs recognize their allegations are "mere evidence on the issue to be considered by the trial court." See *Rhodes v United States*, 950 F. Supp. 623,628 (D.Del.1996) However, what throws in the wrench is when Fraud exists in fact and on the record. Fraud being the valid reason, upon discovery of it, to terminate a contract and formalize it via § 1635.

6. Because this matter involves equitable statutes, it must follow that equitable tolling applies. When Fraud exists there is no time limit involved. A contract fails, becomes null and void, when fraud is discovered and is not proven by the Defendants to be otherwise.

7. Clarity regarding equitable tolling application is given in this excerpt from rmfpc.com:

"The three elements for demonstrating a successful claim of "equitable tolling" in a civil RICO action are well established and were set forth by the U.S. Court of Appeals in the Second Circuit in *Tho Dinh Tran v. Alphonse Hotel Corp.*

Under federal common law, a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's 'discovery of the nature of the claim within the limitations period'; and (3) the plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Page 2

8. In the matter of subject matter jurisdiction, this court is reminded that the lower court actions remain void *ab initio* because, to date, no genuine evidence of original wet-ink documents or first-hand witnesses to support their claim exist on the record, despite volumes of hearsay paperwork submitted and accepted by the court, proceeding as if same were valid.

9. Submissions to the court "in brief or argument" by attorneys are hearsay evidence. *See Trinsey v Pagliaro*, D.C. Pa 229 F Supp. 647 (1964). No true injured person appeared.

10. Credit agencies report that Dorothy A. Recarde has no public credit record of having a mortgage since 2006. (*See* Exhibit. A) Her signature is revoked from the February 10, 2006 mortgage loan agreement document with notice duly served.

11. Defendants have failed to submit the second wet-ink Mortgage Loan Agreement that only William signed as genuine evidence of their claim, just as they failed to provide the first.

12. Noticed Revocation of Signature and formal Rescission, both executed properly according to contract law, leaves only the federal law violation event for this court to examine.

13. Defendant's invoking FRCP 12(b)(6) "Failure to state a claim for which relief can be granted" is subject to examination by the court on the basis that a "complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v Gibson* 355 U.S. 41,45,46,78 S.Ct. 99, 102, 2Led 2d 80 (1957); *Seymour v Union News Company* 7 Cir.217 F.2d 168 (1954); *John Edward Crockard v Publishers, Saturday Evening Post of Philadelphia*, Fr Serv 29, 19 F.R.D. 511, DCED PA 19 (1958).

14. The Rescission documents and the violation event are facts presented to this court which do entitle the Plaintiff to relief. Their claim is valid.

16-cv-806

THEREFORE, the Plaintiffs move the court to dismiss with prejudice the Defendant's

Motion to Dismiss filed March 8, 2016, and to award injunctive relief as requested in Section V

of their Complaint filed February 19, 2016.

Signed this 6th day of April, 2016.

William B. Recarde, Executor
*Without Prejudice, Without Recourse, All Rights Reserved*

Dorothy A. Recarde, Executor
*Without Prejudice, Without Recourse, All Rights Reserved*

## ACKNOWLEDGEMENT

Commonwealth of Pennsylvania)

) Subscribed and Sworn

County of Lancaster )

Subscribed and sworn to me, the undersigned notary public, on the 6th day of April 2016, and proved to me on the basis of satisfactory evidence to be the persons claimed, appeared William B. Recarde and Dorothy A. Recarde, who affixed their signatures to this instrument and executed same in their authorized capacities as Executor/Trustors and Owners of said property.

I certify under penalty of perjury that the above paragraph is true and correct.

IN WITNESS WHEREOF, I hereby affix my hand and seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Marcia Mahoney, Notary Public
Quarryville Boro, Lancaster County
My Commission Expires Sept. 29, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Marcia Mahoney _____ Notary Public

Plaintiff's Response to Defendant's Motion to Dismiss Complaint

Exhibit A

April 5, 2016

## Latest Credit Summary

*Dothy A. Recard*

Your Credit Summary highlights the information in your credit file that is most important in determining your credit standing by distilling key credit information into one easy-to-read summary.

## CREDIT REPORT as of 03/24/2016

NO

| Hide All Show All | Equifax | TransUnion | Experian |
|---|---|---|---|
| Hide Total Mortgage Accounts | 0 | 0 | 0 |
| Balance | $0 | $0 | $0 |
| Credit Limit | N/A | N/A | N/A |
| Debt to Credit Ratio | N/A | N/A | N/A |
| Hide Total Installment Accounts | 0 | 0 | 0 |
| Balance | $0 | $0 | $0 |
| High Balance | N/A | N/A | N/A |
| Debt to Credit Ratio | N/A | N/A | N/A |
| Hide Total | 4 | 1 | 3 |
| Credit Limit | $6,638 | $3,938 | $4,638 |
| Debt to Credit Ratio | 26% | 43% | 37% |
| Hide Total Other Accounts | 0 | 0 | 0 |
| Balance | $0 | $0 | $0 |
| Hide Total Open Accounts | 4 | 1 | 3 |
| Total Balance | $1,716 | $1,716 | $1,716 |
| Total Credit Limit | $6,638 | $3,938 | $4,638 |
| Total Debt to Credit Ratio | 26% | 43% | 37% |

**features? Upgrade to Equifax Complete™ Family Plan today.**

You may be eligible for 3 Bureau Credit Report Scores for $19.95 – a 5 discount from our retail of $39.95. Click here to order



Your Message Center

Concerned about ID Theft? Visit IdentityProtection.co stay up to date on ide theft news and learn to do if you're a victim

View your Equifax Cr Identity Theft Insuran

The Five Conditions Make Charitable Contributions Deduct

Quiz – How Does Yo Credit Behavior Impa Your Credit Score

Requirement Saving Resolutions to Make Right Now

Four Ways to Make I Cash this Year

Tips for Getting a Mortgage When You Have Student Loan I

| | | |
|---|---|---|
| William B. Recarde; Dorothy A. Recarde | ) | Civil Action No. **16-cv-806** |
| Plaintiffs, *Sui Juris* | ) | |
| Vs | ) | **PLAINTIFFS' NOTICE OF** |
| | ) | |
| SANTANDER BANK, N.A. f/k/a | ) | **MOTION TO DISMISS** |
| SOVEREIGN BANK, N.A | | |
| DEFENDANTS | ) | **Date: April 6, 2016** |

Plaintiffs, William B. and Dorothy A. Recarde, move the court to dismiss

with prejudice the Defendant's motion to dismiss filed March 8, 2016, for those

reasons presented in their "Response to Defendant's Motion to Dismiss

Complaint".

Signed this 6th day of April, 2016

William B. Recarde, Executor, *Sui Juris*

Dorothy A. Recarde, Executor, *Sui Juris*

Plaintiff's Response to Defendant's Motion to Dismiss Complaint

**William & Dorothy Recarde**
**277 W. Shady Road**
**Kirkwood, PA 17536**
**(717) 529-6063**

April 6, 2016

The Hon. Larence F. Stengel
USDC – Eastern District of Pennsylvania
14613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RE: 16-cv-806 Recarde v Santander Bank, N.A.

Dear Judge Stengel,

This package contains a courtesy copy of our filing identified as "Plaintiffs' Response to Defendant's Motion to Dismiss Complaint" and also a copy of Fiduciary Appointment.

Thank you for your consideration.

Sincerely

William Recarde

Enc

Cc: Ken Massey

William B. & Dorothy A. Recarde
277 W. Shady Road
Kirkwood PA 17536
(717) 529-6063

Executors, *Sui Juris*

## UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania

| | |
|---|---|
| William B. Recarde; Dorothy A. Recarde | ) Civil Action No. **16-cv-806** |
| Plaintiffs, *Sui Juris* | ) **PLAINTIFFS'** |
| Vs | ) **APPOINTMENT** |
| | ) **OF FIDUCIARY** |
| SANTANDER BANK, N.A. f/k/a | |
| SOVEREIGN BANK, N.A | ) **April 6, 2016** |
| DEFENDANTS | ) |

COMES NOW, William B. Recarde and Dorothy A. Recarde, executors, domiciled in

Lancaster County, Pennsylvania, appearing *Sui Juris* in a limited special appearance in this court

of record, pursuant to 63C Am Jur. 2d, Public Officers and Employees' § 247 as follows:

"As expressed otherwise, **the powers delegated to a public officer are held in trust for the
people and are to be exercised in behalf of the government or of all citizens who may need
the intervention of the officer.**

[1] Furthermore, the view has been expressed that **all public officers, within whatever branch
and whatever level of government, and whatever be their private vocations, are trustees of
the people,**

[2] and accordingly labor under every disability and prohibition imposed by law upon trustees
relative to the making of personal financial gain from a discharge of their trusts…

[3] and **owes a fiduciary duty to the public**.

[4] It has been said that the fiduciary responsibilities of a public officer cannot be less than those
of a private individual.

[5] Furthermore, it has been stated that **any enterprise undertaken by the public official who tends to weaken public confidence and undermine the sense of security for individual rights is against public policy.** Fraud in its elementary common law sense of deceit - and this is one of the meanings that fraud bears [483 U. S. 372] in the statute, (See *United States v. Dial, 757 F.2d 163, 168 7th Cir (1985*) - includes **the deliberate concealment of material information in a setting of fiduciary obligation.**"

And also "A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him, and if he deliberately conceals material information from them, he is guilty of fraud." *McNally v United States* 483, U.S. 350 (1987),

Whereupon, in recognition of our lack of training in matters of law do hereby appoint as

their Fiduciary in this instant matter:  Larence F. Stengel, Judge

Signed this 6ᵗʰ day of April, 2016

William B. Recarde, Executor *Sui Juris*

Dorothy A. Recarde, Executor, *Sui Juris*

## CERTIFICATE OF SERVICE

I, Dorothy A. Recarde, do solemnly declare that on *April 6*, 2016, I did cause to be delivered by Certified Mail a "Plaintiffs Response" package to the party and location listed below:

*Dorothy A. Recarde*
Dorothy A. Recarde, Executor


TO: Ken S. Massey
Parker Ibrahim & Berg, LLC
1635 Market St.
Philadelphia, PA 19103                    Cert Mail No: 7015 0640 0006 2118 3215

TO: Larence F. Stengel, Judge
US District Court – Eastern District of Pennsylvania
14613 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106                    Express Mail: EL 198953085 US


## ACKNOWLEDGEMENT

Commonwealth of Pennsylvania}
                     } SS
County of Lancaster       }

      Subscribed and sworn to before me on this *6* day of *April*, 2016, by *DOROTHY A RECARDE*, proved to me on the basis of satisfactory evidence to be the person who appeared before me and to have packaged the foregoing documents listed in the certificate of mailing above to the party listed therein.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Marcia Mahoney, Notary Public
Quarryville Boro, Lancaster County
My Commission Expires Sept. 29, 2016
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

*Marcia Mahoney*
Notary Public

Plaintiff's Response to Defendant's Motion to Dismiss Complaint



# EXPRESS MAIL

## UNITED STATES POSTAL SERVICE

Flat Rate Envelope



U.S.M.S
X-TREMELY URGENT

Please Rush To Addressee



**PLEASE NOTE:**

*When used internationally affix custom declarations (PS Form 2976, or 2976A).*

16-806

EL19895309 4US

( EL19895309 4US )

## UNITED STATES POSTAL SERVICE ®

### PRIORITY
★ MAIL ★
EXPRESS™

**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)  PHONE ( 717 ) 529-0040

William Kennard
877 W. SHADY RD
KIRKWOOD PA 17536

**PAYMENT BY ACCOUNT** (if applicable)

**DELIVERY OPTIONS** (Customer Use Only)

☒ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.*

**TO:** (PLEASE PRINT)  PHONE ( 717 ) 529-0040

CLERK of the Court
USDC Eastern PA
14613 US Court House
601 Market St.
Philadelphia PA 19106

ZIP + 4® (U.S. ADDRESSES ONLY)
19106

☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 insurance included.

FOR FILING INTO DOCKET
— PLEASE OPEN IMMEDIATELY —

| ORIGIN POSTAL SERVICE USE ONLY | ☐ 1-Day ☐ 2-Day ☐ Military ☐ DPO |
|---|---|

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 17566 | 4-7-16 | $22.95 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 4-6-16 | ☐ 10:30 AM ☒ 12 NOON ☐ 3:00 PM | $ | $ |

| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 2:40 ☐ AM ☒ PM | $ | $ | $ |

| Weight | ☒ Flat Rate | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|---|
| 0 lbs. 5.4 ozs. | | $ | $22.95 |

| | | Acceptance Employee Initials |
|---|---|---|
| | | SB |

| DELIVERY POSTAL SERVICE USE ONLY | | |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, SEPTEMBER 2015    PSN 7690-02-000-9996    3-ADDRESSEE COPY

Thanks!



PS10001000006